THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LUIS B. BLASCO, Defendant and Appellant.

No. 5493. Argued February 20, 1935.—Decided February 19, 1936.

*Felipe Colón Díaz* for appellant. *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 362 of the Code of Criminal Procedure (Comp. Stat. 1911, sec. 6407) and section 1 of an Act approved May 30, 1904, Acts of 1905, page 10, read as follows:

"Section 362.—After hearing the appeal, the Supreme Court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties."

"Section 1.—Whenever it appears from the record in any criminal case upon appeal in the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court; *Provided, however,* That the appellate court may take cognizance of fundamental errors, appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require."

Blasco was convicted of rape and says that the district court erred in permitting a hypothetical question without previous proof of the facts upon which the question was predicated. The transcript of the evidence contains three hundred and ninety-nine pages. We have read enough of it to satisfy ourselves that substantial justice was done. We are quite convinced that a refusal to permit the hypothetical question would not have affected the result. The same may be said of other evidence admitted over defendant's objection. Appellant in his brief raises no question as to the admissibility of this evidence. In a doubtful case such errors in the admission of evidence might turn the scale in favor of a reversal but where the result was clearly right (as it was, we think, in the instant case) it should not be disturbed. *People* v. *Español,* 16 P.R.R. 203; 1 Wigmore (2d ed.) section 21, pp. 201–221.

For the same or similar reasons the refusal of the district judge to give certain instructions requested by defendant was not reversible error. The district court did not err in overruling the motion for a new trial as alleged in the third assignment.

The verdict was not contrary to the evidence as alleged in the fourth assignment.

The judgment and order appealed from must be affirmed.

Mr. Justice Wolf concurs in the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.